UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LOPEZ-CORTEZ,<br><br>Petitioner,<br><br>v.<br><br>S. SALMONSON,<br><br>Respondent. | No.  2:23-cv-03007-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 25, 27) |

Petitioner Raul Lopez-Cortez is a federal prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 11, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for default judgment (Doc. No. 25) be denied.  (Doc. No. 27.)  Specifically, the magistrate judge found that petitioner's argument that respondent had failed to timely file a response to his petition was unavailing because respondent had timely filed a motion to dismiss, which complied with the court's earlier order for respondent to file a response to the pending petition.  (Doc Nos. 6 at 2; 27 at 2.)  Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service.  (Doc. No. 27 at 2.)  On June 28, 2024, petitioner

1

1 | filed objections to the findings and recommendations.  (Doc. No. 28.)

2 Petitioner's objections primarily object to findings of the magistrate judge that are irrelevant to the magistrate judge's recommendation that petitioner's motion for default judgment be denied.  Petitioner's first objection centers on a series of miscommunications between himself and his prior counsel that resulted in petitioner withdrawing several filings.  (*Id.* at 2–3.)  However, this objection does not provide any basis upon which to reject the magistrate judge's recommendation that petitioner's motion for default judgment be denied.  Petitioner also separately objects to the magistrate judge's direction that respondent may file a reply to his opposition to respondent's pending motion to dismiss.  (*Id.* at 3.)  He contends that allowing such a reply contradicts the magistrate judge's finding that respondent had already timely filed a response to his pending habeas petition.  (*Id.* at 4–5.)  However, petitioner misapprehends the function of a reply brief:  the assigned magistrate judge had found that respondent had timely responded to his petition by filing a motion to dismiss, then directed petitioner to file any opposition to that motion to dismiss and permitted respondent to file a reply to petitioner's opposition. (Doc. No. 27 at 2.)  The reply brief does not function as a responsive pleading to the petition.  Thus, petitioner's argument provides no basis upon which to reject the magistrate judge's recommendation.  Accordingly, petitioner's pending motion for default judgment must be denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on June 11, 2024 (Doc. No. 27) are adopted;

2. Petitioner's motion for default judgment (Doc. No. 25) is denied; and

/////

/////

/////

3. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 9, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3