UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL LOPEZ-CORTEZ,

Petitioner,

v.

S. SALMONSON,

Respondent.

Case No. 2:23-cv-3007-DAD-JDP (P)

ORDER

Petitioner Raul Lopez-Cortez, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that under the First Step Act ("FSA") he has earned time credits, and the Bureau of Prisons has failed to apply them properly. ECF No. 1 at 3-4. The government has moved to dismiss, arguing that petitioner is ineligible to apply the credits earned under the FSA because he is subject to a final order of removal. ECF No. 13 at 3. Petitioner has filed an opposition, ECF No. 29, and, at my direction, the government has filed a reply that incorporates the final order of removal as an exhibit. ECF No. 34. Problematically, however, the government has asked that the final order of removal, and various other documents pertaining to petitioner, be filed under seal. ECF No. 35. That request is denied without prejudice to renewal, provided the renewal occurs within two days (by end of day Thursday, February 6, 2025).

Under Local Rule 141, which governs requests to seal in this district, a party seeking to seal documents must "set forth the statutory or other authority for sealing . . . ." Local Rule

141(b). Where, as here, a party seeks to maintain the secrecy of documents attached to a dispositive motion, they must meet a high threshold, showing that "compelling reasons" support sealing. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (stating that "compelling reasons must be shown to seal judicial records attached to a dispositive motion") (internal quotation marks omitted). The government has failed to meet that standard.

The request to seal that the government has filed on the public docket states only that the exhibits contain "non-public information pertaining to [p]etitioner." ECF No. 35. In a more detailed request to seal submitted directly to chambers, the government argues that presentence reports and other documents are, under court guidelines, not to be made public. The government has failed, however, to do the required analysis to support sealing all of the documents in Exhibit 2. It may be that petitioner's presentence report should be kept sealed, though it is not apparent that that general rule should apply when and if that report is pertinent to a dispositive motion in a habeas case.[1] The government has not cited any authority or offered any argument demonstrating that the final order of removal, whose existence is disputed by petitioner and which is central to the motion to dismiss, should also be sealed.

Accordingly, it is ORDERED that the government's request to seal, ECF No. 35, is DENIED without prejudice. By close of day on February 6, 2025, the government may file an amended request to seal all of the documents in exhibit 2. If it does so, it must serve a copy of that request on petitioner so that he may, if he chooses, file an opposition by end of day on February 11, 2025. The government's reply to any opposition shall be due by February 13, 2025. Alternatively, if the final order of removal itself does not need to be sealed, the government may submit that order and any other appropriate documents on the public docket and withdraw any other documents that would otherwise need to be sealed.

---

[1] The government has not addressed the possibility of using less drastic remedies to protect sensitive information, such as limited redaction. If it believes complete sealing is appropriate, any renewed request to seal should address why such an option would be inadequate.

IT IS SO ORDERED.

Dated: February 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE