UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LOPEZ-CORTEZ, | Case No. 2:23-cv-3007-DAD-JDP (P) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. SALMONSON, | |
| Respondent. | |

      Petitioner Raul Lopez-Cortez, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons has failed to properly apply credits he has earned under the First Step Act ("FSA"). ECF No. 1 at 3-4. The government has moved to dismiss, arguing that petitioner is ineligible to apply the credits earned under the FSA because he is subject to a final order of removal. ECF No. 13 at 3. Petitioner has filed an opposition, ECF No. 29, and the government has filed a reply, ECF No. 34. After review of the pleadings, I recommend that the government's motion to dismiss be granted.

      No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the

court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.[1]

As the government contends, prisoners subject to a final order of removal are not eligible for early release under the FSA. 18 U.S.C. § 3632(d)(4)(E)(i). And it has provided a copy of petitioner's final order of removal. ECF No. 37-1 at 1, 17-18. In his opposition, petitioner erroneously argues that his own attempts to obtain a copy of a removal order naming him have been unsuccessful and that he is not, as the documents indicate, the "Pastor Lopez Zavala" named in the removal order that has been provided. ECF No. 29 at 9. These arguments are not persuasive. Petitioner has not offered any evidence that the removal order attached to the motion to dismiss is not genuine. Nor can he reasonably claim, in the face of the presentence report indicating his various aliases, that he is not "Pastor Lopez Zavala." ECF No. 37-1 at 1-3.

Accordingly, it is hereby recommended that respondent's motion to dismiss, ECF No. 13, be GRANTED and the petition be DISMISSED, judgment be entered in its favor, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] This rule applies to petitions brought under § 2241, like the one at bar. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254).

IT IS SO ORDERED.

Dated:    February 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE